UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ISAAC SAMIEL STABILITO-MARTINEZ
(A-Number: 220-289-718),

        Petitioner,

   v.

CHRISTOPHER CHESTNUT, in his
official capacity as Warden of California
City Correctional Facility,

        Respondent.[1]

No.  1:26-cv-01935-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS

Doc. 1

Petitioner Isaac Samiel Stabilito-Martinez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC),

[1] In addition to naming Christopher Chestnut (the Warden of the California City Correctional Facility), petitioner also named as respondents Kristi Noem, Pamela Bondi, Todd Lyons, and Marcos Charles.  *See* Doc. 1.  As petitioner challenges only his present physical confinement, *see* Doc. 1, Prayer for Relief at ¶ 5, a core habeas challenge, the warden of California City detention center is the only proper respondent.  For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent . . . ."  *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024).  The motion to dismiss from this action all respondents other than petitioner's immediate custodian, the warden, is GRANTED.  *See* Doc. 7.

1

2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 6. Respondent states that he does "not have legal arguments to distinguish this case from prior orders issued by the Court, nor [does] Respondent[] find material factual differences between this case and those identified by the Court."[2] Doc. 8 at 2. While respondent opposes the petition, he does not raise any new arguments. *See id.* at 1–3.[3]

As respondent has not made any new legal arguments and has not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC),

---

[2] Respondent notes that petitioner was arrested for misdemeanor driving under the influence and open container/drinking alcohol in a vehicle. *See* Doc. 8 at 12. But respondent has not alleged that petitioner was found guilty of that offense. *Cf. Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit.").

[3] Respondent also requests, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025, or *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.), which concerns an as-applied constitutional challenge to detention under § 1226(c). *See* Doc. 7 at 3–4. But respondent does not argue that petitioner is subject to § 1226(c) and immigration officials previously released petitioner after implicitly determining that he did not pose a flight risk or a danger; the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his re-detention. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance.

2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[4]

Respondent is ENJOINED AND RESTRAINED from detaining petitioner Isaac Samiel Stabilito-Martinez (A-Number: 220-289-718) unless the government demonstrates, within fourteen (14) days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[5]

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    March 17, 2026

UNITED STATES DISTRICT JUDGE

---

[4] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

[5] This Order does not address the circumstances in which respondent may detain petitioner in the event he becomes subject to an executable final order of removal.